UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Vaelii Clifton Taliaoa,[1]<br><br>        Petitioner<br><br>v.<br><br>Jeremy Bean, et al.,[2]<br><br>        Respondents | Case No. 2:24-cv-01853-JAD-BNW<br><br>**Order Granting Motion to Proceed *In Forma Pauperis*, Granting Motion for Appointment of Counsel, and Directing Service of Petition**<br><br>[ECF Nos. 1, 1-1, 1-2] |

Petitioner Vaelii Clifton Taliaoa brings this federal habeas action under 28 U.S.C. § 2254 to challenge his 2023 state-court convictions for child abuse and endangerment. He moves for leave to proceed *in forma pauperis* ("IFP") and for the appointment of counsel.[3] Having reviewed this mater under the Rules Governing Section 2254 Cases, I find that good cause exists to grant Taliaoa's motion to proceed IFP, appoint counsel, and instruct the Clerk of the Court to serve the petition on the respondents.

---

[1] Notably, petitioner spells his first and last names differently on his motion and his petition. *Compare* ECF No. 1 at 1 (Vaelii Taliaoa) *with* ECF No. 1-1 at 1 (Vaelli Talaioa). The Nevada Department of Correction's inmate-locator page shows a combination of these spellings: Vaelli Taliaoa. In this order, I spell petitioner's name as the clerk has entered it on the docket sheet.

[2] The Nevada Department of Correction's inmate locator page shows that Taliaoa is incarcerated at High Desert State Prison. Jeremy Bean is the current warden for that facility. Accordingly, at the end of this order, I kindly request the Clerk of Court to substitute Jeremy Bean as a respondent for Respondent Steven B. Wolfson. *See* Fed. R. Civ. P. 25(d).

[3] ECF Nos. 1, 1-1, 1-2.

**Background**[4]

Taliaoa pled guilty in Nevada's Eighth Judicial District Court for Clark County to child abuse or endangerment resulting in substantial bodily harm and child abuse or endangerment. Her judgment of conviction was entered on February 16, 2023, and Taliaoa was sentenced to 10 to 25 years in prison. Taliaoa appealed, and the Nevada Court of Appeals affirmed on July 15, 2024.[5]

While his direct appeal was still pending, Taliaoa filed a state petition for writ of habeas corpus on May 25, 2023. The state court denied the petition, Taliaoa appealed, and the Nevada Court of Appeals affirmed on February 23, 2024.[6] Remittitur issued on March 20, 2024.

While both his direct appeal and post-conviction appeal were pending, Taliaoa moved for the modification of his sentence on November 13, 2023. The state court denied the motion, Taliaoa appealed, and the Nevada Court of Appeals affirmed on August 15, 2024.[7]

**Discussion**

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief.[8] This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably

---

[4] I take judicial notice of the online docket records of the Eighth Judicial District Court (https://www.clarkcountycourts.us/Anonymous/default.aspx) and Nevada appellate courts (http://caseinfo.nvsupremecourt.us/public/caseSearch.do).

[5] *Vaelli Taliaoa, a/k/a Vaelli Talaoia, v. State of Nevada*, 86294-COA.

[6] *Vaelli Taliaoa v. Brian Williams*, 87152-COA.

[7] *Vaelii Taliaoa v. State of Nevada*, 87838-COA.

[8] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

incredible, false, or plagued by procedural defects.[9] I find that a response is warranted in the instant case, so I direct the Clerk of Court to serve it on the respondents.

Like many pro se litigants, Taliaoa moves for appointment of counsel. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding.[10] An indigent petitioner may request appointed counsel to pursue that relief.[11] The decision to appoint counsel is generally discretionary,[12] but counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims.[13] I find that the appointment of counsel is in the interests of justice, given, among other things, Taliaoa's lengthy prison sentence and limited education.[14] So I grant Taliaoa's motion.

## Conclusion

IT IS THEREFORE ORDERED that the Motions for Leave to Proceed IFP and for Appointment of Counsel **(ECF Nos. 1, 1-2) are granted**.

IT IS FURTHER ORDERED that the Clerk of Court is directed to

- FILE the Petition for Writ of Habeas Corpus (ECF No. 1-1),
- ADD Aaron Ford, Attorney General of the State of Nevada, as counsel for respondents,

---

[9] *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

[10] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)).

[11] 18 U.S.C. § 3006A(a)(2)(B).

[12] *Id*. (authorizing appointed counsel when "the interests of justice so require").

[13] *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

[14] Taliaoa represents that he did not graduate from high school. *See* ECF No. 1-2 at 5.

- SERVE, electronically, respondents' counsel a copy of the petition (ECF No. 1-1), this order, and all other items previously filed in this case by regenerating the notices of electronic filing,

- SUBSTITUTE Jeremy Bean as a respondent in place of Steven B. Wolfson; and

- SEND a copy of this order to the Federal Public Defender, Taliaoa, and the CJA Coordinator for this division.

IT IS FURTHER ORDERED that respondents' counsel must enter a notice of appearance within 21 days of entry of this order.

IT IS FURHTER ORDERED that the Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Taliaoa by filing a notice of appearance or (2) indicate the office's inability to represent Taliaoa in these proceedings.

Any deadline established or any extension thereof will not signify any implied finding of a basis for tolling during the time period established.  Taliaoa remains responsible for calculating the running of the federal limitation period and timely presenting claims.  That is, by setting a deadline to amend the petition or by granting any extension thereof, I make no finding or representation that the petition, any amendments thereto, or any claims contained therein are not subject to dismissal as untimely.  *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

Dated: October 7, 2024

_____
U.S. District Judge Jennifer A. Dorsey