**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Vaelii Clifton Taliaoa,<br><br>Petitioner<br><br>v.<br><br>Jeremy Bean, et al.,<br><br>Respondents | Case No. 2:24-cv-01853-JAD-BNW<br><br><br>**Scheduling Order** |

Because the Federal Public Defender has entered an appearance on behalf of Petitioner Vaelii Clifton Taliaoa,[1] IT IS HEREBY ORDERED:

1. The Federal Public Defender, through Shelly Richter, Esq., is appointed as counsel for the petitioner under 18 U.S.C. § 3006A(a)(2)(B). Ms. Richter will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

2. Petitioner will have until February 7, 2025, to file an amended petition or seek other appropriate relief. This deadline and any extensions of it may not be construed as implied findings regarding the federal limitation period or a basis for tolling. Petitioner at all times remains responsible for calculating the limitation period and timely asserting claims, without regard to any court-ordered deadlines or extensions. So, a petition or amended petition filed within a court-ordered deadline may still be dismissed as untimely if it violates the statute of limitations.[2]

---

[1] ECF No. 6.

[2] *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

3. If the petitioner files an amended petition, respondents will have 60 days from the date of service to respond to it—including by motion to dismiss. Petitioner will have 30 days from the date of service of an answer to file a reply. However, Local Rule LR 7-2(b) governs the scheduling for responses and replies to motions filed by either party, including motions filed in lieu of pleadings.

4. Any procedural defenses raised by respondents to the counseled amended petition must be raised together in a single, consolidated motion to dismiss. Successive motions to dismiss will not be entertained, and any procedural defenses omitted from the consolidated motion to dismiss will be waived. Respondents may not file a response that consolidates their procedural defenses, if any, with their response on the merits. But arguments that an unexhausted claim clearly lacks merit may be included in a procedural-defense response. If respondents do seek dismissal of unexhausted claims under 28 U.S.C. § 2254(b)(2) they must: (1) do so in a single motion to dismiss, not in the answer; and (2) specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*.[3] Basically, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, must be raised in a single dismissal motion.

5. In any answer filed on the merits, respondents must specifically cite to and address the applicable state-court-written decision and state-court-record materials, if any, regarding each claim within the response as to that claim.

---

[3] *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

6. Any state-court record and related exhibits filed by either party must be filed with a separate exhibit index identifying the exhibits by number. The CM/ECF attachments that are filed must then be identified by the corresponding indexed identifying number. If the filed exhibits span more than one ECF Number in the record, the first document under each successive ECF Number must be either: (1) another copy of the index, (2) a volume cover page, or (3) some other document serving as a filler, so that each exhibit under the ECF Number will be listed under an attachment number. For example, the filler page would be filed as ECF No. 1, and the exhibits would be filed as ECF No. 1-1, 1-2, 1-3, etc. And if there are more exhibits than can be attached to ECF No. 1, then ECF No. 2 would be a filler page with the exhibits as ECF Nos. 2-1, 2-2, 2-3, etc.

7. Do not provide courtesy copies of electronically filed exhibits.

Dated: November 7, 2024

_____
U.S. District Judge Jennifer A. Dorsey