UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Vaelii Clifton Taliaoa, | Case No.: 2:24-cv-01853-JAD-BNW |
| Petitioner | |
| v. | **Order Granting Motion for Stay and Closing Case** |
| Jeremy Bean, *et. al.*, | |
| Respondents. | [ECF No. 18] |

Nevada state inmate Vaelii Clifton Taliaoa brings this counseled first-amended petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge his conviction and 10-to-25-year sentence for one count of child abuse resulting in substantial bodily harm and one count of child abuse, neglect, or endangerment.[1] Taliaoa moves to stay this case while he returns to state court to exhaust his new claims.[2] Respondents have filed a non-opposition to the motion for stay.[3] Because Taliaoa meets the requirements for a stay, I grant the motion and close this case.

## Discussion

Under *Rhines v. Weber*, a district court is authorized to stay a habeas action in "limited circumstances" while a petitioner presents unexhausted claims to the state court.[4] "A district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and

---

[1] ECF No. 14.
[2] ECF No. 18.
[3] ECF No. 20.
[4] 544 U.S. 269, 273–75 (2005).

(3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics."[5] The Ninth Circuit Court of Appeals has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances."[6] Ineffective assistance of postconviction counsel or a lack of postconviction counsel can constitute good cause under *Rhines*.[7] But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances.'"[8] Courts must also be "mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court."[9]

Taliaoa argues that he can meet the requirements for a stay under *Rhines* because (1) he seeks to raise previously unavailable claims of ineffective assistance of appellate counsel in state court; (2) his claims are not plainly meritless, for example he did not receive real notice of the true nature of the charge against him, yet appellate counsel did not raise this winning claim; and (3) he has not engaged in dilatory litigation tactics.[10]

Because Taliaoa's direct appeal was still pending when his first post-conviction petition was filed, he was unable to raise his ineffective-assistance-of-appellate-counsel claims during his first state habeas proceedings. Moreover, Taliaoa's claims are not plainly meritless, and he has not engaged in intentionally dilatory litigation tactics. So, I find that granting Taliaoa's request

---

[5] *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).
[6] *Id*. at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005)).
[7] *See Blake v. Baker*, 745 F.3d 977, 982–83 (9th Cir. 2014); *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017).
[8] *Wooten*, 540 F.3d at 1024 (citing *Jackson*, 425 F.3d at 661).
[9] *Id*. (citing *Rhines*, 544 U.S. at 276–77).
[10] ECF No. 18.

for a *Rhines* stay would not run afoul of the Supreme Court's instructions that (1) exhaustion stays should only be granted in limited circumstances and (2) the court must be mindful of AEDPA's aims of encouraging the finality of sentences and encouraging petitioners to exhaust their claims in state court before filing in federal court.

### Conclusion

IT IS THEREFORE ORDERED that the motion for stay **[ECF No. 18] is GRANTED.** This action is **STAYED** pending exhaustion of Taliaoa's unexhausted claims. Taliaoa must move to reopen this action within 45 days of the issuance of the remittitur by the Nevada Supreme Court at the conclusion of his state court proceedings.

IT IS FURTHER ORDERED that respondents' deadline to file their response to the first-amended petition is **VACATED**. The time for respondents to answer or otherwise respond to the first-amended petition will be reset after the stay is lifted.

The Clerk of Court is directed to **administratively CLOSE** this case.

_____
U.S. District Judge Jennifer A. Dorsey
November 17, 2025